David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
|  | : ECF CASE |
| ROYAL & SUN ALLIANCE INSURANCE PLC, | : |
| Plaintiff, | 07 Civ. 2889 (AKH) |
|  | : |
| - against - | COMPLAINT |
|  | : |
| OCEAN WORLD LINES, INC.; | : |
| Defendant. | : |
|  | : |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant upon information and belief:

**FIRST CAUSE OF ACTION**

1. Plaintiff Royal & Sun Alliance Insurance PLC is a corporation organized under the laws of, and with its principal place of business in, a foreign sovereign, and sues herein as the subrogated insurer of the cargo in suit, having paid the insurance claim of White Horse Machinery Ltd. arising out of the damage to the shipment.

2. Defendant Ocean World Lines, Inc. ("OWL") is believed to be a corporation organized under the laws of one of the fifty states with its principal places of business in the State of New York.

3. This Court has jurisdiction over the subject matter to this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate

commerce and is governed by federal statutes related thereto, including but not limited to the Carmack Amendment, 49 U.S.C. §14706.  Concurrently there is federal question jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure to the extent the through bill of lading issued by OWL is deemed a maritime contract. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4.     Upon information and belief OWL at all material times conducted business within the State of New York, including the pick up, carriage and delivery of cargo, and the provision of services related thereto, and is subject to the *in personam* jurisdiction of this Court.

5.     With respect to the shipment in suit OWL provided services as a common carrier of cargo for hire, including as a receiving and delivering carrier within the meaning of the Carmack Amendment, and assumed responsibility for the transportation of the shipment from the place of receipt to the place of final delivery.  Alternatively OWL provided services as a freight forwarder within the meaning of the Carmack Amendment and as such assumed liability for the cargo from the place of receipt to the place of final delivery.

6.     This action involves damage to a Heidelberg printing press and related equipment which moved in container GLDU411008-0 from Bremerhaven, Germany, to Bourbon, Indiana, by way of the port of Norfolk, as described more fully in Ocean World Lines, Inc. order bill of lading OWLUHA6S060150NY dated on or about June 15, 2006, and others. (OWL Ref no.: NYM01871).

7. The shipment was carried aboard the M/V YANG MING MILANO during the ocean stage of the multimodal transport from Bremerhaven to Norfolk.

8. From Norfolk, Virginia, to the final destination in Bourbon, Indiana, the shipment moved by interstate rail and road carrier, including Djuric Trucking, Inc.

9. The aforesaid damage to the shipment was the result of defendant OWL's reckless failure to properly carry and care for the cargo in suit, and its fundamental breaches of, and deviations from, the governing carriage contract.

10. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount of Great Britain Pounds 63,824.62, which converts to $125,851.38 based on present rates of exchange. No part of this amount has been paid although duly demanded.

11. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in the claim which is the subject of this action.

12. Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of it under the premises.

## SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 of this complaint.

14. On or about June 15, 2006 the cargo in suit was delivered in good order and condition into the custody and control of defendant OWL, or entities acting on its behalf, for purposes of carriage to the agreed destination.

15. Defendant OWL failed to deliver the cargo at the agreed destination in the same good order and condition. Instead at the time of delivery by or on behalf of defendant OWL the shipment was in damaged and depreciated condition and unfit for intended usage.

16. As a result of the aforesaid, defendant OWL is liable to plaintiff as common carrier, Carmack Amendment forwarder, and/or as bailee for hire.

WHEREFORE, plaintiff demands judgment against defendant

a) for the sum of GB Pounds 63,824.62, which converts to $125,851.38;

b) for prejudgment interest at the rate of 9% per annum ;

c) for the costs of this action;

d) for such other and further relief as this Court deems proper and just.


Dated:  New York, New York
        April 10, 2007

                                    LAW OFFICES,
                                    DAVID L. MAZAROLI

                                    *s/David L. Mazaroli*
                                    _____
                                    David L. Mazaroli (DM 3929)
                                    Attorney for Plaintiff
                                    11 Park Place - Suite 1214
                                    New York, New York 10007
                                    Tel.: (212)267-8480
                                    Fax.: (212)732-7352
                                    E-mail: dlm@mazarolilaw.com
                                    File No.:  7XHD-1477