CLARK, ATCHESON & REISERT
Peter D. Clark (PC 6190)
Attorney for Defendant
7800 River Road
North Bergen, NJ 07047
Tel: 201-537-1200
Fax: 201-537-1201
Email: pclark@navlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROYAL & SUN ALLIANCE INSURANCE PLC,   :

                Plaintiff,   :

    -against-   :

                                   :

OCEAN WORLD LINES, INC.   :

                Defendant.   :
------------------------------------------------------------x

**ECF CASE**

**07-CV-2889 (AKH)**

**ANSWER**

Defendant OCEAN WORLD LINES, INC. (hereinafter referred to as "OWL" by its attorneys Clark, Atcheson & Reisert, answers plaintiff's Complaint with civil number 07 Civ. 2889 (AKH) upon information and belief as follows:

### FIRST CAUSE OF ACTION

1.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "1" of Complaint.

2.      Admits Defendant OWL is a corporation organized under the laws of one

3. of the fifty states with offices located in the State of New York, and except where so specifically admitted, denies each and every other allegation contained in Paragraph "2" of Complaint.

3. Admits that this is a maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and presents a Federal question pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1331 wherein the matter in controversy for the cargo carried under the relevant bill of lading exceeds $10,000, exclusive of interest and costs. and except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "3" of the Complaint.

4. Admits that OWL has an offer and place of business in the State of New York, but denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "4" of the Complaint.

5. Admits with respect to the shipment in suit OWL provided services as a NVOCC for hire, and except were so specifically admitted, denies each and every other allegation contained in Paragraph "5" of Complaint.

6. Defendant OWL admits it issued through bill of lading OWLUHA6S060150NY dated on or about June 15, 2006, (OWL Ref. No.: NYM01871)

and except where specifically admitted, denies each and every other allegation contained in Paragraph "6" of the Complaint.

7. Admits that the cargo carried under through bill of lading OWL UHAS060150NY was carried aboard the M/V YANG MING MILANO during the ocean stage of a multimodel through transport from Bremerhaven to Bourbon, Indiana, but except as so specifically admitted denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "7" of the Complaint.

8. Admits that the cargo was carried to final destination under through bill of lading OWLUHAS060150NY by rail and road carriage, including Djuric Trucking, Inc., but except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of the Complaint.

9. Denies each and every allegation contained in Paragraph "9" of the Complaint.

10. Denies each and every allegation contained in Paragraph "10" of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12" of the Complaint.

## SECOND CAUSE OF ACTION

13. OWL repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth in Paragraphs "1" through "12" of the Complaint with the same force and effect as if repeated and set forth at length.

14. Admits on or about June 15, 2006 sealed containers were delivered to be shipped pursuant to bill of lading OWLUHA65060150NY and except where specifically admitted, denies each and every other allegation contained in Paragraph "14" of the Complaint.

15. Denies each and every allegation contained in Paragraph "15" of the Complaint.

16. Denies each and every allegation contained in Paragraph "16" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. That said shipment as described in Plaintiff's Complaint is subject to all

the terms, conditions and exceptions contained in certain through bills of lading then there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound.

18.     Said shipment was transported on a vessel and multimodel land transportation subject to the contractual terms and conditions of the aforesaid through bills of lading.

19.     Any shortage, loss and/or damage to the shipment in suit, which defendant specifically denies, was due to causes for which the defendant is not liable or responsible for by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or the Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law.

## SECOND AFFIRMATIVE DEFENSE

20.     Due diligence was exercised to the extent it was capable on the part of the OWL to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said equipment.

## THIRD AFFIRMATIVE DEFENSE

21.     Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

## FOURTH AFFIRMATIVE DEFENSE

22. The maximum liability of defendant if any, is $500 per package as agreed to in the provisions of the through bill of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. App. §1304 (2005).

## FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to implead indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

24. That the venue of this matter is improperly placed in this District.

## SEVENTH AFFIRMATIVE DEFENSE

25. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the negligence of other parties not named in the suit.

## EIGHTH AFFIRMATIVE DEFENSE

26. That if plaintiff's cargo suffered any loss or damage, which defendant OWL denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act 46 U.S.C. App. § 1304 (2)(Q)(2005).

## NINTH AFFIRMATIVE DEFENSE

27. Plaintiff is not a real party in interest.

## TENTH AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint fails to state a cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

29. This action is time-barred under the terms and conditions of the bills of lading and provisions of the Carriage of Goods by Sea Act and other federal statutes and the equitable doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

30. At all relevant times OWL acted as an agent for a disclosed principal.

**WHEREFORE,** Defendant Ocean World Lines, Inc. prays that the Complaint against it be dismissed, and that the Court may grant such other or further relief as may be just and proper.

Dated: North Bergen, New Jersey
June 28, 2007

Clark, Atcheson & Reisert
Attorneys for Defendant
OCEAN WORLD LINES, INC.

By: _____
Peter D. Clark (PC 6190)
7800 River Road
North Bergen, NJ 07960
Tel (201) 537-1200

TO: David L. Mazaroli, Esq.
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801