CLARK, ATCHESON & REISERT
Peter D. Clark (PC 6190)
Attorney for Defendant
7800 River Road
North Bergen, NJ 07047
Tel: 201-537-1200
Fax: 201-537-1201
Email: pclark@navlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROYAL & SUN ALLIANCE INSURANCE PLC,  :

                Plaintiff,   :

      -against-   :

OCEAN WORLD LINES, INC.   :

                Defendant.   :
-----------------------------------------------------------------x
OCEAN WORLD LINES, INC.,   :

              Third-Party Plaintiff,   :

      -against-   :

YANG MING MARINE TRANSPORT CORP.   :
and DJURIC TRUCKING, INC.

             Third-Party Defendants   :
-----------------------------------------------------------------x

**ECF CASE**

**07-CV-2889 (AKH)**

**THIRD-PARTY**
**COMPLAINT**



      Defendant/Third-Party Plaintiff OCEAN WORLD LINES, INC. (hereinafter

referred to as "OWL") by its attorneys Clark, Atcheson & Reisert, as and for a Third -

Party Complaint against Third Party Defendants Yang Ming Marine Transport Corp.

(hereinafter "YANG MING") and Djuric Trucking, Inc. (hereafter "DJURIC"), alleges upon information and belief as follows.

1. Plaintiff Royal & Sun Alliance Insurance PLC, as subrogee of White Horse Machinery Ltd. has filed a Complaint against OWL, a true copy of which is attached hereto as Exhibit "A".

2. Plaintiff is allegedly a corporation organized under the law of a foreign country, and with its principal place of business in a foreign country.

3. Defendant and Third-Party Plaintiff OWL was and still is a corporation organized and existing under and pursuant to the laws of a state in the United States and maintains an office in the State of New York and is a non-vessel operating common carrier ("NVOCC") engaged in the business as a common carrier of merchandise by water for hire and providing for the through transportation of goods by sea and land to and from the United States.

4. Third-Party Plaintiff OWL, served an Answer to Plaintiff's Complaint, a true copy of which is attached as Exhibit "B".

5. Third-Party Defendant YANG MING, was and is a business entity organized and existing under and by virtue of the laws of a foreign county with an office and place of business at Newport Office Tower, 525 Washington Blvd., 25th Floor, Jersey

City, New Jersey 07310 and is a vessel operating common carrier ("VOCC"), engaged in business in the State of New York as a common carrier of merchandise by water for hire and providing for the international transportation of goods by sea to and from the United States including the State of New York and at all relevant times owned and operated the motor vessel M/V YANG MING MILANO which carried the subject cargo from Bremerhaven, Germany to Norfolk Virginia under a through bill of lading.

6. Third-Party Defendant DJURIC was and is a business entity organized and existing under the laws of one of the contiguous states in the United States with an office and place of business at 4805 Sheffield Avenue, Hammond, IN 46327 and is engaged in the interstate trucking business, and operates within the State of New York and provides trucking transportation service to all 48 contiguous States in the United States and who trucked the subject cargo from Chicago, Illinois to Bourbon, Indiana when it was damaged in a trucking accident at Chicago on July 6, 2006.

7. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

8. Plaintiff alleges in the Complaint that this action involves damage to a printing press carried under a bill of lading in excess of $10,000 exclusive of interest and costs that is subject to the Carmack Amendment, 49 U.S.C. § 14706 and 28 U.S.C. § 1337 which moved in a container from Bremerhaven, Germany to Bourbon, Indiana by way of the port of Norfolk, Virginia under the custody and control of OWL or entities

acting on its behalf, for purposes of carriage to the agreed destination. The shipment was carried aboard the M/V YANG MING MILANO during the ocean stage of the through multimodel transport to Norfolk and to final destination in Indiana by rail and road carrier, including Djuric Trucking Inc. Plaintiff further alleges at the time of delivery the shipment was damaged in excess of $10,000 exclusive of interest and costs, depreciated and unfit for intended usage.

9. If any loss was sustained by Plaintiff as alleged in the Complaint, which is specifically denied, said loss was caused by or contributed to by the default, negligence, carelessness, omissions, breach of contract and/or warranty, unseaworthiness, or failure to use due diligence on the part of Third-Party Defendants YANG MING and DJURIC.

10. If any liability shall be imposed on Defendant OWL, Third-Party Plaintiff OWL should be awarded damages for indemnity and/or contribution against Third-Party Defendants YANG MING and DJURIC, together with costs and disbursements of this action and reasonable attorney's fees.

WHEREFORE, Third-Party Plaintiff OWL prays:

    a) That judgment be granted in favor of Plaintiff jointly and severally against Third-Party Defendants YANG MING and DJURIC; pursuant to Rule 14(c) of the Federal Rules of Civil Procedure;

    b) That Third-Party Plaintiff, OWL, be granted indemnity from Third-Party Defendants YANG MING and DJURIC, for the entire amount for which

Third-Party Plaintiff may be found liable to Plaintiff (liability for same being expressly denied);

c) That Third-Party Plaintiff OWL, be granted contribution jointly and severally from Third-Party Defendants toward any amount for which Third-Party Plaintiff may be found liable to Plaintiff (liability for same being expressly denied); and

d) The Third-Party Plaintiff OWL, be granted such other and further relief as may be just and proper under the circumstances which includes all costs, attorney's fees and disbursements incurred herein.

Date: North Bergen, New Jersey
June 28, 2007

CLARK, ATCHESON & REISERT
Attorneys for Defendant and Third Party Plaintiff
OCEAN WORLD LINES, INC.

By: _____
Peter D. Clark (PC 6190)
7800 River Road
North Bergen, NJ 07047
(201) 537-1200

**EXHIBIT A**

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROYAL & SUN ALLIANCE INSURANCE PLC,

           Plaintiff,

   - against -

OCEAN WORLD LINES, INC.;

           Defendant.

------------------------------------------------------------x

ECF CASE

07 Civ. 2889 (AKH)

COMPLAINT

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant upon information and belief:

### FIRST CAUSE OF ACTION

1. Plaintiff Royal & Sun Alliance Insurance PLC is a corporation organized under the laws of, and with its principal place of business in, a foreign sovereign, and sues herein as the subrogated insurer of the cargo in suit, having paid the insurance claim of White Horse Machinery Ltd. arising out of the damage to the shipment.

2. Defendant Ocean World Lines, Inc. ("OWL") is believed to be a corporation organized under the laws of one of the fifty states with its principal places of business in the State of New York.

3. This Court has jurisdiction over the subject matter to this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate

commerce and is governed by federal statutes related thereto, including but not limited to the Carmack Amendment, 49 U.S.C. §14706. Concurrently there is federal question jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure to the extent the through bill of lading issued by OWL is deemed a maritime contract. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Upon information and belief OWL at all material times conducted business within the State of New York, including the pick up, carriage and delivery of cargo, and the provision of services related thereto, and is subject to the *in personam* jurisdiction of this Court.

5. With respect to the shipment in suit OWL provided services as a common carrier of cargo for hire, including as a receiving and delivering carrier within the meaning of the Carmack Amendment, and assumed responsibility for the transportation of the shipment from the place of receipt to the place of final delivery. Alternatively OWL provided services as a freight forwarder within the meaning of the Carmack Amendment and as such assumed liability for the cargo from the place of receipt to the place of final delivery.

6. This action involves damage to a Heidelberg printing press and related equipment which moved in container GLDU411008-0 from Bremerhaven, Germany, to Bourbon, Indiana, by way of the port of Norfolk, as described more fully in Ocean World Lines, Inc. order bill of lading OWLUHA6S060150NY dated on or about June 15, 2006, and others. (OWL Ref no.: NYM01871).

7. The shipment was carried aboard the M/V YANG MING MILANO during the ocean stage of the multimodal transport from Bremerhaven to Norfolk.

8. From Norfolk, Virginia, to the final destination in Bourbon, Indiana, the shipment moved by interstate rail and road carrier, including Djuric Trucking, Inc.

9. The aforesaid damage to the shipment was the result of defendant OWL's reckless failure to properly carry and care for the cargo in suit, and its fundamental breaches of, and deviations from, the governing carriage contract.

10. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount of Great Britain Pounds 63,824.62, which converts to $125,851.38 based on present rates of exchange. No part of this amount has been paid although duly demanded.

11. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in the claim which is the subject of this action.

12. Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of it under the premises.

### SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 of this complaint.

14. On or about June 15, 2006 the cargo in suit was delivered in good order and condition into the custody and control of defendant OWL, or entities acting on its behalf, for purposes of carriage to the agreed destination.

15. Defendant OWL failed to deliver the cargo at the agreed destination in the same good order and condition. Instead at the time of delivery by or on behalf of defendant OWL the shipment was in damaged and depreciated condition and unfit for intended usage.

16. As a result of the aforesaid, defendant OWL is liable to plaintiff as common carrier, Carmack Amendment forwarder, and/or as bailee for hire.

WHEREFORE, plaintiff demands judgment against defendant

a) for the sum of GB Pounds 63,824.62, which converts to $125,851.38;

b) for prejudgment interest at the rate of 9% per annum;

c) for the costs of this action;

d) for such other and further relief as this Court deems proper and just.

Dated: New York, New York
April 10, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7XHD-1477

# **<u>EXHIBIT B</u>**

CLARK, ATCHESON & REISERT
Peter D. Clark (PC 6190)
Attorney for Defendant
7800 River Road
North Bergen, NJ 07047
Tel: 201-537-1200
Fax: 201-537-1201
Email: pclark@navlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROYAL & SUN ALLIANCE INSURANCE PLC, :

              Plaintiff,

    -against-

OCEAN WORLD LINES, INC.

              Defendant.
------------------------------------------------------------x

ECF CASE

07-CV-2889 (AKH)

**ANSWER**

Defendant OCEAN WORLD LINES, INC. (hereinafter referred to as "OWL" by its attorneys Clark, Atcheson & Reisert, answers plaintiff's Complaint with civil number 07 Civ. 2889 (AKH) upon information and belief as follows:

### FIRST CAUSE OF ACTION

1. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "1" of Complaint.

2. Admits Defendant OWL is a corporation organized under the laws of one

3. of the fifty states with offices located in the State of New York, and except where so specifically admitted, denies each and every other allegation contained in Paragraph "2" of Complaint.

3. Admits that this is a maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and presents a Federal question pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1331 wherein the matter in controversy for the cargo carried under the relevant bill of lading exceeds $10,000, exclusive of interest and costs. and except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "3" of the Complaint.

4. Admits that OWL has an offer and place of business in the State of New York, but denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "4" of the Complaint.

5. Admits with respect to the shipment in suit OWL provided services as a NVOCC for hire, and except were so specifically admitted, denies each and every other allegation contained in Paragraph "5" of Complaint.

6. Defendant OWL admits it issued through bill of lading OWLUHA6S060150NY dated on or about June 15, 2006, (OWL Ref. No.: NYM01871)

and except where specifically admitted, denies each and every other allegation contained in Paragraph "6" of the Complaint.

7. Admits that the cargo carried under through bill of lading OWL UHAS060150NY was carried aboard the M/V YANG MING MILANO during the ocean stage of a multimodel through transport from Bremerhaven to Bourbon, Indiana, but except as so specifically admitted denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "7" of the Complaint.

8. Admits that the cargo was carried to final destination under through bill of lading OWLUHAS060150NY by rail and road carriage, including Djuric Trucking, Inc., but except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of the Complaint.

9. Denies each and every allegation contained in Paragraph "9" of the Complaint.

10. Denies each and every allegation contained in Paragraph "10" of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12" of the Complaint.

## SECOND CAUSE OF ACTION

13. OWL repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth in Paragraphs "1" through "12" of the Complaint with the same force and effect as if repeated and set forth at length.

14. Admits on or about June 15, 2006 sealed containers were delivered to be shipped pursuant to bill of lading OWLUHA65060150NY and except where specifically admitted, denies each and every other allegation contained in Paragraph "14" of the Complaint.

15. Denies each and every allegation contained in Paragraph "15" of the Complaint.

16. Denies each and every allegation contained in Paragraph "16" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. That said shipment as described in Plaintiff's Complaint is subject to all

the terms, conditions and exceptions contained in certain through bills of lading then there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound.

18. Said shipment was transported on a vessel and multimodel land transportation subject to the contractual terms and conditions of the aforesaid through bills of lading.

19. Any shortage, loss and/or damage to the shipment in suit, which defendant specifically denies, was due to causes for which the defendant is not liable or responsible for by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or the Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law.

## SECOND AFFIRMATIVE DEFENSE

20. Due diligence was exercised to the extent it was capable on the part of the OWL to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said equipment.

## THIRD AFFIRMATIVE DEFENSE

21. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### FOURTH AFFIRMATIVE DEFENSE

22. The maximum liability of defendant if any, is $500 per package as agreed to in the provisions of the through bill of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. App. §1304 (2005).

### FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to implead indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

24. That the venue of this matter is improperly placed in this District.

### SEVENTH AFFIRMATIVE DEFENSE

25. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the negligence of other parties not named in the suit.

### EIGHTH AFFIRMATIVE DEFENSE

26. That if plaintiff's cargo suffered any loss or damage, which defendant OWL denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act 46 U.S.C. App. § 1304 (2)(Q)(2005).

### NINTH AFFIRMATIVE DEFENSE

27. Plaintiff is not a real party in interest.

## TENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's Complaint fails to state a cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

29.    This action is time-barred under the terms and conditions of the bills of lading and provisions of the Carriage of Goods by Sea Act and other federal statutes and the equitable doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

30.    At all relevant times OWL acted as an agent for a disclosed principal.

**WHEREFORE,** Defendant Ocean World Lines, Inc. prays that the Complaint against it be dismissed, and that the Court may grant such other or further relief as may be just and proper.

Dated: North Bergen, New Jersey
       June 28, 2007

Clark, Atcheson & Reisert
Attorneys for Defendant
OCEAN WORLD LINES, INC.

By: _____
Peter D. Clark (PC 6190)
7800 River Road
North Bergen, NJ 07960
Tel (201) 537-1200

TO: David L. Mazaroli, Esq.
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801