| | |
|---|---|
| UNITED STATES DISTRICT COURT | ECF |
| SOUTHERN DISTRICT OF NEW YORK | 07 CV 2889 (AKH) |

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE, PLC,<br><br>                                  Plaintiff,<br>          -vs-<br><br>OCEAN WORLD LINES,<br><br>   Defendant & Third Party Plaintiff,<br><br>              vs.<br><br>YANGMING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC.,<br><br>           Third Party Defendants. | THIRD PARTY DEFENDANTS' NOTICE OF MOTION TO:<br><br>1. DISMISS THE CLAIMS AGAINST THEM ON GROUNDS OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION CLAUSE, OR<br><br>2. DISMISS THE CLAIMS AGAINST DJURIC ON GROUNDS OF A COVENANT NOT TO SUE, OR<br><br>3. LIMIT THEIR LIABILITY, IF ANY, TO $500 PER PACKAGE\ |

      PLEASE TAKE NOTICE that third party defendants, YANGMING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC., will move this Court before the Hon. Alvin K. Hellerstein at the Courthouse at 500 Pearl Street, New York, NY for an order pursuant to F.R.Civ.P. 12(b)(6) or such other Rule as may be applicable for an order:

    A.    Dismissing all claims, including the third party claims, asserted against them on grounds of a mandatory and exclusive foreign forum selection agreement; or in the alternative;

    B.    Dismissing all claims, including the third party claims, asserted against third party derfendant, DJURIC TRUCKING, INC., on grounds of a covenant not to sue in the applicable sea waybill contract of carriage; or in the alternative,

    C.    Limiting any liability the third party defendants may have on the main and third party claims asserted against them to $500 per package.

PLEASE TAKE FURTHER NOTICE that the alternative motion for dismissal by DJURIC is made only if DJURIC's forum motion is denied, and the alternative motions to limit liability are made only by each third party defendant that is not otherwise dismissed from this case. The alternative motions are not a waiver of the forum clause or an admission of liability.

Dated: New York, NY

Dec. 21, 2007

CICHANOWICZ CALLAN KEANE VENGROW
& TEXTOR
61 Broadway 3000, New York, NY 10006
212-344-7042
Attorneys for the Third Party Defendants

By:   /s/    PAUL M. KEANE
               Paul M. Keane [PK- 5934]

TO:    Opposing Counsel

# ADDENDUM 1
## [Selected YMTC Sea Waybill Terms and Conditions]

1. **DEFINITION**
   * * *
   (2)  "Carriage" means the whole or any part of the operations and service undertaken by the Carrier in respect of the Goods covered by the Bill.
   (3)  "Carrier" means the party on whose behalf this Bill is issued, as well as … Underlying Carrier whether any of them is acting as Carrier or bailee.
   * * *
   (11) "Merchant" includes the shipper, Holder, consignee or receiver of the Goods or any Person owning or entitled to the possession of the Goods or this Bill and anyone acting on behalf of such Person.
   (12) "Multimodal Transport" arises if the Place of Receipt and/or the place of Delivery are indicated on the face hereof in the relevant spaces.
   * * *
   (17) "Underlying Carrier" includes any … motor … carrier utilized by the Carrier for for any parts of the transportation the [*sic*] shipment covered by this Bill.

3. **MERCHANT'S WARRANTY**
   The Merchant warrants that in agreeing to the terms hereof he is, or has the authority of, the Person owning, or entitled to possession of the Goods and this Bill.

4. **EXEMPTIONS AND IMMUNITIES OF SERVANTS, AGENTS, STEVEDORES AND OTHER SUBCONTRACTORS.**
   (1)  The carrier shall be allowed to sub-contract the whole or any part of the Carriage on any terms whatsoever.
   (2)  In contracting for the following exemptions and limitations of, and exoneration from, liability, the carrier is acting as agent and trustee for all other Persons named in this clause.  It is understood and agreed that, other than the Carrier, no Person, firm or corporation or other legal entity whatsoever (including … Underlying Carriers … and/or any other independent contractors whatsoever utilized in the Carriage) is, or shall be deemed to be, liable with respect to the Goods as Carrier, bailee or otherwise. If, however, it shall be adjudged that any person other than the Carrier is Carrier or bailee of the Goods or under any responsibility with respect thereto, then all exemptions and limitations of, and exonerations from, liability provided by law or by the terms in this Bill shall be available to such Person.
   (3)  It is also agreed that each of the aforementioned Persons referred to in the preceding clause are intended beneficiaries, but nothing herein contained shall be construed to limit or relieve from liability for acts arising or resulting from their fault or negligence.

7. (1)  Port-to-Port Shipment - * * *  Notwithstanding the preceding provision, in the event that this Bill covers shipments to or from the United States, then COGSA shall be

        compulsorily applicable and shall (except as may be otherwise specifically provided elsewhere herein) also govern before the Goods are loading [*sic*] on and after they are discharged from the Vessel provided, however, that the Goods at said times are in the actual custody of the carrier or any Underlying Carrier or Subcontractor.

(2)   (A)   Multimodal Transport – With respect to Multimodal Transportation from, to, or within the United States, when the Goods are in the custody of the Carrier, or any Underlying Carrier, such Multimodal Transportation shall be governed by the Provisions of Clause 7(1).

      (B)   In the event clause 7(1) is held inapplicable to such Multimodal Transportation from, to or within the United States then the Carrier's liability will be governed by and subject to the terms and conditions of the Underlying Carrier's Bill and / or, where applicable, the ICC Uniform Bill of Lading together with the Underlying Carrier's Tariff which shall be incorporated herein as if set forth at length.

## 23. LIMITATION OF LIABILITY
\* \* \*

(3)   In the event this Bill covers the Goods moving to or from a port of final destination in the United States, the Carrier's limitation of liability in respect to the Goods shall in no event exceed U.S. Dollars 500 per package, or when the Goods are not shipped in packages, U.S. Dollars 500 per customary freight unit. \* \* \*

(4)   The aforementioned limitations of liability set forth in this provision shall be applicable unless the nature and value of the Goods have been declared by the Merchant before shipment and agreed to by the Carrier, and are inserted in this Bill and the Applicable "ad valorem" freight rate, as set out in the Carrier's Tariff, is paid.

## 26. JURISDICTION
Except as otherwise provided specifically herein any claim or dispute arising under this Bill shall be governed by the law of England and determined in the English courts to the exclusion of the jurisdiction of the courts of any other place. \* \* \*

# ADDENDUM 2
## [Selected OWL Bill of Lading Terms and Conditions]

**1. Definitions**

\* \* \*

"Carriage" means the whole or any part of the operations and services undertaken by the Carrier in respect of the Goods covered by this Bill of Lading.

\* \* \*

"Merchant" includes the Consignor, Shipper, Holder, Consignee, the receiver of the Goods, any person, including any Corporation or other legal entity, owning or entitled to the possession of the Goods or this Bill of Lading and anyone acting on behalf of such person.

\* \* \*

"Servants or Agents" include the Master, Officer and crew of the vessel, owners and operators of vessels (other than the Carrier), underlying carriers (including ocean common carriers with whom OWL has contracted for the physical transportation of the goods), subcontractors, stevedores, terminal and groupage operators, road and rail transport operators and any independent contractors employed by the Carrier in the performance of the Carriage.

**4. Shipper's Responsibility**

\* \* \*

(B) The Merchant warrants that in agreeing to the terms and conditions hereof he is, or has the authority of, the Person owning or entitled to the possession of the Goods and this Bill of Lading.

**5. Carrier's Responsibility and Clause Paramount**

\* \* \*

(B)1(c)

The Carrier's maximum liability hereunder shall in no circumstances exceed US$2 per kilo of gross weight of the Goods lost or damaged unless the value of the Goods has been declared by the Merchant with the consent of the Carrier and excess freight has been paid whereupon the declared value (if higher) as shown on the face of the Bill of Lading shall be substituted for the above limit and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

(D) USA Clause Paramount (if applicable)

1. If carriage includes carriage to, from or through a port in the United States of America this Bill of Lading shall be subject to COGSA, the terms of which are incorporated herein and shall be paramount throughout carriage by sea and the entire time that the Goods are in the actual custody of the Carrier or its sub-contractor at the sea-terminal in the United States of America before loading onto the Vessel or after

discharge therefrom as the case may be. COGSA shall be extended to apply to all Goods before the Goods are loaded on and after they are discharged from the Vessel and throughout the entire time during which the Carrier is responsible for the goods under the Bill of Lading.

\* \* \*

3.  If COGSA applies then the liability of the Carrier shall not exceed US$500 per package or customary freight unit unless the value of the Goods has been declared on the face hereof with the consent of the Carrier and extra freight has been paid in which case Clause 10 shall apply and the declared value (if higher) shall be substituted for the limit and any partial loss or damage shall be adjusted pro-rata on the basis of such declared value.

**7.     Sub-Contracting**

Because the Carrier requires the assistance of others to perform the services undertaken under this Bill of Lading as well as transportation agreements between Carrier and others, every servant, agent, stevedore, terminal services contractor, lighter operator, pilot, connecting rail, motor, water, or air carrier or other independent contractor, including their agents, servants and subcontractors, performing such services shall have the benefit of every exemption from and limitation of liability, defense, right and liberty to which the Carrier is entitled, under any provision of this Bill of Lading or by applicable law, provided however that any such Servant or Agent that takes, accedes, or asserts the benefit of this provision by such action consents to the law and jurisdiction provisions of this bill of lading and in so doing expressly waives any law, forum, and jurisdiction provisions in any underlying agreement, including bill of ladings or service contracts, between itself and the Carrier. For purposes of the foregoing provision, the Carrier shall be deemed to be the agent or trustee for the benefit of all such persons and all such persons shall be deemed to be parties to the contract of carriage evidenced hereby to that extent. The Shipper and Consignee undertake not to sue or proceed against any such persons. In the event either of them does so, it shall indemnify the Carrier against all resulting loss, liability, and expense, including attorneys' fees.

**Law & Jurisdication**

Whenever the "Carriage of Goods by Sea Act ("COGSA") of the United States of America applies by virtue of paragraph 5, this contract of carriage is to be governed by United States law (exclusive of its choice of law rules) and the United States Federal Court for the Southern District of New York is to have exclusive jurisdiction to hear all disputes hereunder including third party proceedings or those involving several defendants. This clause supersedes any conflicting clause in bills of lading or other documents issued by contractors or sub-contractors of OWL.