# EXHIBIT CC

8998/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants/Third-Party Defendants*
YANG MING MARINE TRANSPORT CORP.
and DJURIC TRUCKING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC,<br><br>       Plaintiff,<br><br>- against -<br><br>OCEAN WORLD LINES, INC.,<br>       Defendants.| 07 CV 2889 (AKH)<br><br>ECF CASE<br><br>**ANSWER** |
| OCEAN WORLD LINES, INC.<br>      Third-Party Plaintiff,<br><br>- against -<br><br>YANG MING MARINE TRANSPORT CORP.<br>and DJURIC TRUCKING, INC.<br>      Third-Party Defendants. | |

   Defendants/Third-Party Defendants, YANG MING MARINE TRANSPORT CORP. (hereinafter "YMTC") and DJURIC TRUCKING, INC. (hereinafter "Djuric"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint alleges upon information and belief as follows.

   1.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

3. Admits that the bill of lading issued by OWL is a maritime contract and except as so admitted, denies the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4.

5. Admits that OWL is a non-vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998, and except as so admitted, denies the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6.

7. Admits that OWL shipped various containers in external good order and condition aboard the MV YANG MING MILANO for transportation from Bremerhaven, Germany to Bourbon, Indiana via Norfolk, Virginia pursuant to the terms and conditions of a bill of lading contract and except as so admitted, denies the allegations contained in paragraph 7.

8. Admits that the OWL containers moved from Norfolk, Virginia to Chicago, Illinois via rail and thereafter was carried by Djuric Trucking from Chicago to Bourbon, Indiana by road carriage, and except as so admitted, denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10, except admits non-payment.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12.

## AS AND FOR ITS ANSWER TO THE SECOND CAUSE OF ACTION

13. Defendants/Third-Party Defendants repeat, reiterate and reallege each and every allegation set forth in paragraphs 1-12 inclusive as if heretofore set out at length herein.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

18. Defendants/Third-Party Defendants, YMTC and Djuric, claim the benefit of all exceptions, exemptions and limitations contained either in the aforesaid statute or the YMTC bill of lading to the full extent they may be applicable to them.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The shipments in question were moved pursuant to an ocean bill of lading covering the shipment from a foreign port to a U.S. port for onward inland transportation to Bourbon, Indiana. issued by Third-Party Plaintiff OCEAN WORLD LINES, INC.

20. Defendants/Third-Party Defendants, YMTC and Djuric, claim the benefit of all exceptions, exemptions and limitations contained in the Ocean World Lines bill of lading to the full extent that they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Defendants/Third-Party Defendants, YMTC and Djuric, claim the benefit of all exceptions, exemptions and limitation contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

- 3 -

22. Defendants/Third-Party Defendants, YMTC and Djuric, liability is limited to $500.00 per package.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. The action against Djuric and YMTC should be dismissed on the basis of the mandatory forum selection clause contained in Yang Ming's bill of lading that identities England as the exclusive venue for legal action. Defendant Djuric is entitled to the benefit of the aforesaid jurisdiction clause on the basis of clause 7 of Yang Ming's bill of lading which extends the benefit of all defenses under the bill of lading to subcontractors and underlying carriers.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Clause 4 of Yang Ming's bill of lading provides that no person other than the Carrier is or shall be deemed to be liable with respect to the "Goods as Carrier". Consequently, pursuant to the bill of lading contract, all claims for cargo loss or damage should be directed to defendant Yang Ming and claims against defendant Djuric should be dismissed on the basis of the aforesaid provision of the bill of lading contract.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. In the event that it should be determined that the defenses provided under Yang Ming's bill of lading and/or COGSA are not applicable to YMTC and/or Djuric, YMTC and Djuric claim the benefit of all exceptions, exemptions and limitations contained in the Carmack Amendment to the full extent they may be applicable to them.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Proper notice of claim was not filed against Djuric within the nine months provided for in the Carmack Amendment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Defendant OWL entered into a contract of carriage with defendant YMTC to carry plaintiff's cargoes from Bremerhaven, Germany to Bourbon, Indiana via Norfolk, Virginia

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 6, 2007, I served a complete copy of YANG MING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC.'s Answer to Plaintiff's Complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To: Clark, Atcheson & Reisert
Peter D. Clark (PC 6190)
7800 River Road
North Bergen, NJ 07047

*Amanda Magri*
Amanda Magri

DATED: September 6, 2007
New York, New York