# EXHIBIT DD

8998/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Third-Party Defendants*
YANG MING MARINE TRANSPORT CORP.
and DJURIC TRUCKING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC, <br><br> Plaintiff, <br><br> - against - <br><br> OCEAN WORLD LINES, INC., <br><br> Defendants. | 07 CV 2889 (AKH) |
| OCEAN WORLD LINES, INC. <br><br> Third-Party Plaintiff, <br><br> - against - <br><br> YANG MING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC. <br><br> Third-Party Defendants. | ECF CASE <br><br><br> **THIRD-PARTY ANSWER** |

Third-Party Defendants, YANG MING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC. (hereinafter YMTC and Djuric), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Third-Party Complaint alleges upon information and belief as follows.

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

8998/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Third-Party Defendants*
YANG MING MARINE TRANSPORT CORP.
and DJURIC TRUCKING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC,<br><br>                          Plaintiff,<br><br>- against -<br><br>OCEAN WORLD LINES, INC.,<br>                          Defendants. | 07 CV 2889 (AKH) |
| OCEAN WORLD LINES, INC.<br><br>                    Third-Party Plaintiff,<br><br>- against -<br><br>YANG MING MARINE TRANSPORT CORP.<br>and DJURIC TRUCKING, INC.<br><br>                  Third-Party Defendants. | ECF CASE<br><br><br><br>**THIRD-PARTY ANSWER** |

Third-Party Defendants, YANG MING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC. (hereinafter YMTC and Djuric), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Third-Party Complaint alleges upon information and belief as follows.

    1.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1.

    2.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

3.  Admits the allegations contained in paragraph 3.

4.  Admits the allegations contained in paragraph 4.

5.  Admits that Third-Party Defendant YMTC, was and is a business entity organized and existing under and by virtue of the laws of the Republic of China (Taiwan) and was and is a vessel operating common carrier ("VOCC"), as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998, and was and is engaged in the business of common carriage of merchandise by water for hire and providing international transportation of goods by sea to and from the United States and at all relevant times owned and/or operated the motor vessel M/V YM MILANO which carried the subject container from Bremerhaven, Germany to Norfolk, Virginia pursuant to a bill of lading contract and except as so admitted denies the allegations contained in paragraph 5.

6.  Admits that Third-Party Defendant Djuric was and is a business entity organized and existing under the laws of one of the contiguous states in the United States with an office and place of business as 4805 Sheffield Avenue, Hammond, IN 46327 and was engaged in the interstate trucking business and that said company trucked the subject cargo from Chicago, Illinois to Bourbon, Indiana and, except as so admitted, denies the allegations contained in paragraph 6.

7.  Admits the allegations contained in paragraph 7.

8.  Admits that plaintiff has made various allegations in its complaint all of which speak for themselves and, except as so admitted, denies the allegations contained in paragraph 8.

9.  Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11.  The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

12.  Defendants, YMTC and Djuric, claim the benefit of all exceptions, exemptions and limitations contained either in the aforesaid statute or the YMTC bill of lading to the full extent they may be applicable to them.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.  Defendants, YMTC and Djuric, claim the benefit of all exceptions, exemptions and limitation contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.  Defendants, YMTC and Djuric, liability, if any, is limited to $500.00 per package pursuant to Section 4(5) of COGSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.  The action against Djuric and YMTC should be dismissed on the basis of the mandatory forum selection clause contained in Yang Ming's bill of lading that identities England as the exclusive venue for legal action. Defendant Djuric is entitled to the benefit of the aforesaid jurisdiction clause on the basis of clause 7 of Yang Ming's bill of lading which extends the benefit of all defenses under the bill of lading to subcontractors and underlying carriers.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.  Clause 4 of Yang Ming's bill of lading provides that no person other than the Carrier is or shall be deemed to be liable with respect to the "Goods as Carrier". Consequently, pursuant to the bill of lading contract, all claims for cargo loss or damage should be directed to defendant Yang Ming and claims against defendant Djuric should be dismissed on the basis of the aforesaid provision of the bill of lading contract.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.   In the event that it should be determined that the defenses provided under Yang Ming's bill of lading and/or COGSA are not applicable to defendants YMTC and/or Djuric, defendants YMTC and Djuric claim the benefit of all exceptions, exemptions and limitations contained in the Carmack Amendment to the full extent they may be applicable to them.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18.   Proper notice of claim was not filed against Djuric within the nine months provided for in the Carmack Amendment.

**WHEREFORE**, Defendants YMTC and Djuric pray that the third party complaint be dismissed as against them together with costs and disbursements incurred in the defense of this case.

Dated: New York, New York
       September 6, 2007

          CICHANOWICZ, CALLAN, KEANE,
          VENGROW & TEXTOR, LLP
          61 Broadway, Suite 3000
          New York, New York 10006

*Attorneys for Third-Party Defendants*
YANG MING MARINE TRANSPORT CORP.
and DJURIC TRUCKING, INC.

By:   s/ Paul M. Keane
      Paul M. Keane (PMK-5934)

To:   Clark, Atcheson & Reisert
      Peter D. Clark (PC 6190)
      7800 River Road
      North Bergen, NJ 07047

- 4 -

- 5 -

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 6, 2007, I served a complete copy of YANG MING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC.'s Answer to Third-Party Complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   Clark, Atcheson & Reisert
      Peter D. Clark (PC 6190)
      7800 River Road
      North Bergen, NJ 07047

*Amanda Magri*
Amanda Magri

DATED:   September 6, 2007
         New York, New York