UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROYAL & SUN ALLIANCE INSURANCE          :   ECF CASE
PLC
                                        :
          Plaintiff,
                                        :
     - against -                            **07-CV-2889 (AKH)**
                                        :
OCEAN WORLD LINES, INC.
                                        :
          Defendants.

-----------------------------------------------------------------x
OCEAN WORLD LINES, INC.                 :

     Third-Party Plaintiff,             :

     -against-                          :

YANG MING MARINE TRANSPORT CORP.        :
And DURIC TRUCKING, INC.
                                        :
     Third-Party Defendants.

-----------------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTIONS OF DEFENDANT OCEAN WORLD LINES, INC.
AND THIRD-PARTY DEFENDANTS YANG MING AND DJURIC TRUCKING

(This memorandum responds to multiple motions)

**David L. Mazaroli**
**Attorney for Plaintiff**
**11 Park Place – Suite 1214**
**New York, NY 10007-2801**
**Tel. (212)267-8480**
**Fax: (212)732-7352**

# TABLE OF CONTENTS

Preliminary Statement……………………………………………….……………1

Summary of Argument………………………………………………………………1

The Relevant Facts…………………………………………………………………..1

Argument:

      Point I - The Carmack Amendment, a Road Carriage Statute,
            Governs this Road Carriage Loss………………………………….2

      Point II - The Motions to Limit Liability Should be Denied……………………4

      Point III - The England Jurisdiction Clause is Not Enforceable…………………7

      Point IV - The No-Suit Adhesion Clause is Invalid Under
            Carmack and Should Not be Enforced………………………………8

      Conclusion………………………………………………………………………10

## OTHER SUBMISSIONS

- ❖ Plaintiff's Response to Ocean World Line's Local Civil Rule 56.1 Statement

- ❖ Affidavit of David L. Mazaroli in Opposition to Motions of Ocean World Lines, Inc. and Yang Ming and Djuric Trucking

    Exhibit 1:    Ocean World Lines, Inc. Delivery Order

    Exhibit 2:    Yang Ming Work Order

    Exhibit 3:    E-mail August 7, 2006 from Steve Greathouse of Djuric Trucking

    Exhibit 4:    Excerpts from Djuric Trucking website

    Exhibit 5:    Excerpt re Djuric Trucking from Federal Motor Carrier Safety Administration website

    Exhibit 6:    Excerpts from Ocean World Lines website

    Exhibit 7:    Yang Ming Shipping Europe GmbH Booking Confirmation

    Exhibit 8:    OWL Booking Confirmation addressed to Transatlantic Spedition

    Exhibit 9:    OWL Booking Confirmation addressed to Yang Ming Deprt. Of German Agency

**Preliminary Statement**

This memorandum of law is respectfully submitted by plaintiff in opposition to (a) the motion of defendant Ocean World Lines, Inc. ("OWL") for partial summary judgment; and (b) the motions of third-party defendants Yang Ming Marine Transport Corp. ("Yang Ming") and Djuric Trucking, Inc. ("Djuric") to enforce an England jurisdiction clause, to limit liability, and (as to Djuric) to enforce a no-suit adhesion clause. Also submitted is the Affidavit of David L. Mazaroli ("Maz. Aff.") and Plaintiff's Response to OWL's Local Rule 56.1 Statement.[1]

**Summary of Argument**

Defendants' motions should be denied based on *Sompo Japan Ins. Co. of America v. Union Pacific R. Co.,* 456 F.3d 54 (2 Cir. 2006)(holding that the Carmack Amendment applies to the domestic land stage of multimodal carriage under a through bill of lading) and *Project Hope v. M/V IBN SINA,* 250 F.3d 67, 74-75 (2d Cir. 2001) (holding NVOCC and trucker jointly and severally liable under the Carmack Amendment).

**The Relevant Facts**

OWL and Yang Ming are intermodal and multimodal carriers who wear many hats. For compensation they provide multiple forms of transportation services including carriage by water, rail and road. (Maz. Aff. Exs. 6 - 9) This case arises from damage to a Heidelberg offset printing press ("the shipment") as a result of a road incident involving a truck and an overpass in Illinois. For the shipment OWL and Yang Ming were paid to provide ocean carriage from Bremerhaven to Norfolk as well as land carriage (rail and road) from the Norfolk discharge port to final destination in Bourbon, Indiana. (Maz. Aff.

---

[1] No Rule 56.1 Statement was filed by Yang Ming and Djuric. The attorney declaration submitted by them should be disregarded to the extent it contains hearsay and legal argument.

Exs. 7-9)  OWL and Yang Ming each issued a through bill of lading on their respective pre-printed forms.[2] The bills of lading were "intermodal" in nature, i.e. contemplating multiple modes of transportation.  After the ocean and rail stages the shipment was transferred to Djuric, a motor carrier subcontractor.  (Maz. Aff. Exs. 4, 5)  This company was hired by or on behalf of OWL and Yang Ming to perform the last stage of the interstate land carriage, i.e. from the railhead in Illinois to the consignee in Bourbon, Indiana. For this land stage OWL issued a delivery order and Yang Ming issued a work order. (Maz. Aff. Exs. 1, 2) The shipment was severely damaged when the Djuric truck hit a bridge en route to the final destination.  (Maz. Aff. Ex. 3)  Djuric has admitted responsibility for the incident.  (*Id.*) This action was commenced against OWL who, pursuant to Rule 14(c) Fed. R. Civ. P., impleaded Yang Ming and Djuric as third-party defendants.

## POINT I

### THE CARMACK AMENDMENT, A ROAD CARRIAGE STATUTE, GOVERNS THIS ROAD CARRIAGE LOSS

Like this case, *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.*, 456 F.3d 54 (2d Cir. 2006), involved a cargo claim arising during the land stage of intermodal carriage under a through bill of lading.  In *Sompo* the through bill of lading stated that the land stage was governed by a salty water statute, i.e. the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 30701 *et seq.* (previously

---

[2]  Bill of lading standard conditions are not the subject of negotiation or amendment by the  cargo owner; they are pre-printed terms which the cargo owner is required to accept; the wording is chosen by the issuer of the bill of lading . *See The Starsin*, 2003 AMC 913,  976 (Eng. H.L. 2003), [2003] 2 WLR 711 (HL); *see also Allied Chemical v. C.N. Lloyd Brasiliero*,  775 F.2d 476,482 (2d Cir. 1985) ("[B]ills of lading are contracts of adhesion and…. are strictly construed against the carrier").

2

codified at 46 U.S.C. app. §§ 1301-1315). Like herein, the defendant in *Sompo* contended that its liability was limited to $500 per package under COGSA even though the loss occurred during overland interstate carriage.

In reversing the district court, the Second Circuit held that, even in the absence of a separate bill of lading, the domestic inland segment of a multimodal carriage originating in a foreign country is governed by the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706). *See Sompo,* 456 F.3d at 69. In its well-reasoned decision the Second Circuit analyzed Carmack's history and the evolution of conflicting decisions in other circuits. The Second Circuit rejected the line of decisions which evolved from imprecise dicta in *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697 (11th Cir. 1986). *Sompo,* 456 F. 3d at 61. *Sompo* makes clear that Carmack applies *ex proprio vigore* and trumps the type of extended ocean carriage bill of lading terms which movants now rely on. *Id.* at 6, 15, 57. *See also Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.,* 213 F.3d 1118, 1119 (9th Cir.2000).

Although the case at bar involves truck transport, instead of rail carriage, the *Sompo* ruling regarding Carmack applicability is still dispositive as the statute applies "regardless of the mode of transport." *See Sompo*, 456 F. 3d at 68 n.13; *Project Hope*, 250 F.3d at 75.[3] There is no merit to movants' contention that the Carmack Amendment does not apply to land carriage provided by an entity which also provides ocean carriage services. The Second Circuit has already ruled that Carmack applies to an ocean common carrier in such circumstances. See *Project Hope,* 250 F. 3d at 72, 75 n. 7

---

[3] The motor and rail aspects of the Carmack Amendment are codified in two different sections, 49 U.S.C. § 11706 (rail) and 49 U.S.C. § 14706 (motor).

(NVOCC and trucker jointly and severally liable under Carmack). Other courts have reached the same conclusion. *See e.g. Kyodo U.S.A., Inc. v. Cosco North America Inc.*, 01 CV 00499, 2001 WL 1835158 *4-6 (C.D. Cal. Jan. 17, 2001); *Canon USA, Inc. v. Nippon Liner Sys., Ltd.,* No. 90-C-7350, 1992 WL 82509, at *6-8 (N.D.Ill.1992) (under the Carmack Amendment, "the receiving carrier is responsible for the shipment over the entire route.") (citing *Mississippi Valley Barge Line Co. v. United States,* 285 F.2d 381, 389 (8th Cir.1960)); *Cordis Dow Corp. v. S.S. President Kennedy*, 1985 AMC 2756, 2762 (N.D. Cal. 1984) (holding multimodal contractual carrier liable as rail carrier). Movants overlook the fact that as to the land stage of the multimodal transport, Yang Ming, OWL and Djuric each functioned as a common carrier providing interstate carriage of cargo for hire.[4] Carmack applies statutorily based on the nature of the transport at the time of the loss and supercedes any contractual extension of COGSA, including the $500 per package limitation.

## POINT II

### THE MOTIONS TO LIMIT LIABILITY SHOULD BE DENIED

Where a carrier relies on bill of lading clauses in an effort to limit liability, such clauses are subject to strict rules of construction since the effect of limitation is to reduce the recovery of an innocent shipper whose goods have been lost or damaged through no fault of his own. *Toyomenka v. S/S TOSHARU MARU*, 523 F.2d 518, 520 (2d Cir. 1975). If the bill of lading clauses relied on are unclear or ambiguous, they should be

---

[4] In any event, each through bill of lading herein refers to the national law applicable to the land stage of the transportation or refers to the inland carrier's tariffs and transportation documents. (SeeYang Ming Bill of Lading Clause 7(2)(B); OWL Clause 5(B)2(a)). The Second Circuit has recognized that the COGSA contractual extension must yield to such provisions. *See Hartford v. M/V OOCL Bravery*, 230 F.3d 549 (2d Cir. 2000).

4

interpreted in favor of the cargo claimant and against the party who seeks to avoid responsibility for cargo loss or damage. *See e.g. Rupp v. International Terminal Operating Co*., 479 F. 2d 674, 676-77 (2d Cir. 1973).

Plaintiff's position is that defendants are liable for the full amount of the claimed damages without limitation of any kind. Since limitation is an affirmative defense, it is incumbent on movants to establish their entitlement to limitation. *See Schnell v. The Vallescura,* 293 U.S.296, 303 (1934); *Carmana Designs Ltd. v. North American Van Lines Inc.,* 943 F.2d 316, 319 (3 Cir. 1991)(burden is on carrier to establish compliance with Carmack conditions precedent for limitation); see also Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981) ("the burden is always on the party advancing an affirmative defense to establish its validity").

The Second Circuit held that the bill of lading in *Sompo* did not satisfy conditions precedent for limitation of liability under the Carmack Amendment and remanded the case for further proceedings. *See Sompo*, 456 F.3d at 76. On remand this Court found that the multimodal bill of lading did not comply with Carmack Amendment requirements for limitation and held the defendant fully accountable for the cargo damage. *See Sompo Japan Ins. Co. v. Union Pacific R. Co.,* 03 CV 1604(CM), 2007 WL 2230091 (S.D.N.Y., August 2, 2007). A similar ruling was issued by Judge Batts in an unrelated case involving an analogous fact pattern. *See Sompo Japan Ins. Co. v. Union Pacific R. Co.,* 02 CV 9523 (DAB), S.D.N.Y. September 26, 2007).

The situation is the same herein. Although they may comply with the prerequisites for limitation under COGSA if that statute applied, the OWL and Yang Ming bills of lading herein do not satisfy the Carmack conditions precedent for limitation

5

of liability. *See Sompo*, 456 F. 3d at 76; *Emerson Elec. Supply Co. v. Estes Express Lines Corp.,* 451 F.3d 179, 186 (3rd Cir. 2006); *Carmana Designs Ltd. v. North American Van Lines Inc.,* 943 F.2d 316 (3 Cir. 1991); *Shielding Intern., Inc. v. Oak Harbor Freight Lines, Inc.,* No. 05cv00709, 2006 WL 2193481 (D.Or. May 18, 2005); *Zolo Technologies, Inc. v. Roadway Exp., Inc.,* 2006 WL 2092072 (D.Colo. 2006). The motions to limit liability should be denied for this reason.

An alternative grounds to deny limitation is that in these circumstances the OWL and Yang Ming bills of lading invoke the national law applicable to the land stage of the transport and/or their subcontracting road carrier's tariff or bill of lading. (Baer Decl. Ex. C ¶ (5)(B)2(a); Addendum 1 of Yang Ming Brief at p. 26 ¶ 7(2)(B))  As discussed in Point III, *infra*, there is no Djuric bill of lading or tariff in evidence. Accordingly, to the extent that the through bills of lading state that road carriage terms apply when the damage to the shipment occurred, there is no limitation of liability which can apply to movants' benefit.[5]

## POINT III

### THE ENGLAND JURISDICTION CLAUSE IS NOT ENFORCEABLE IN THIS CASE

OWL has not challenged venue. Yang Ming, on the other hand, attempts to gain leverage by arguing that its England jurisdiction clause applies to the road incident in Illinois. To be enforceable a forum selection clause must make clear that litigation in the chosen forum is mandatory. *See John Boutari & Son Wines & Spirits S.A. v. Attiki Importers & Distrib., Inc.,* 22 F. 3d 51, 52-53 (2d Cir. 1994); *Hartford Fire Ins. Co. v.*

---

[5] The absence of a Djuric tariff should give rise to an adverse inference. In the least it creates a material issue of fact for which the motions to limit liability should be denied. *See Conti-Harding v. Eden Relocation, Inc.,* 06-cv-27, 2007 WL 1136092 *4 (E.D.Tex. April 16, 2007)(discussing Carmack tariff requirement as condition precedent for limitation).

*Novocargo USA Inc.*, 156 F. Supp. 2nd at 372, 375 (S.D.N.Y. 2001). The Yang Ming England clause states that it applies "[e]xcept as otherwise provided specifically herein." (Yang Ming Ex. FF at Cl. 26). Since *Sompo* invalidates COGSA's application to the domestic land stage of the multimodal carriage, Yang Ming bill of lading Clause 7(1) is invalidated. Therefore Yang Ming Clause 7 (2)(B) comes into play and it states as follows:

> In the event clause 7(1) is held inapplicable to such Multimodal Transportation from, to or within the United States, then the Carrier's liability will be governed by and subject to the terms and conditions of the Underlying Carrier's Bill and/or, where applicable, the ICC Uniform Bill of Lading together with the Underlying Carrier's Tariff which shall be incorporated herein as if set forth at length."

(Yang Ming Brief Addendum p. 26)

Movants have presented no evidence, and have not even argued, that there is a forum selection clause in a Djuric bill of lading or tariff. Movants have not produced a copy of a Djuric bill of lading[6] and have not produced a Djuric tariff, despite demand by plaintiff. (Maz. Aff. ¶¶ 16, 17 and Exs. 10, 11). In the absence of evidence that there is an England jurisdiction clause in a Djuric tariff or bill of lading (or the ICC Uniform Bill of Lading), there is no credible basis for the venue challenge motion. For reasons stated in Judge Leisure's decision in *Commercial Union v. M/V BREMEN EXPRESS*, 16 F. Supp. 2d 403 (S.D.N.Y. 1998), the Yang Ming England clause is not enforceable in the circumstances of this case.

In any event Carmack precludes enforcement of the England clause. Relying on

---

[6] Movants represent that there was no Djuric bill of lading and contend, despite Sompo's clear ruling to the contrary, that the absence of a Djuric lading precludes application of Carmack. Movants overlook the fact that a Yang Ming work order and an OWL delivery order were issued for the land carriage and these have essentially the same information and function as the waybill or receipt specified in Carmack. (Maz. Aff. Exs. 1, 2).

7

Second Circuit case law, the court in *Kyodo U.S.A., Inc. v. Cosco North America Inc.*, 01 CV 00499, 2001 WL 1835158 *6 (C.D. Cal. Jan. 17, 2001), refused to enforce an intermodal carrier's forum selection clause, commenting as follows:

> [T]he Carmack Amendment essentially prohibits enforcement of forum selection clauses, and provides that suit may be brought against a carrier in a forum convenient to the shipper. *See Aacon Auto Transp.*[*v. State Farm,* 537 F.2d 648, 654 (2d Cir. 1976)]. Since Defendants are subject to the Carmack Amendment's jurisdiction for alleged cargo damage occurring during the domestic leg, the foreign forum selection clause is unenforceable in an action pertaining to cargo damage allegedly sustained during such domestic leg.

Because the loss is governed by Carmack which has its own venue rules, *see New Orleans Lakal Envelope Co. v. Chicago Express*, 99-cv-2174, 1999 WL 1277527 *2 (ED La. Dec. 21, 1999), the England clause is unenforceable and the motion by Yang Ming and Djuric should be denied in its entirety.[7]

## POINT IV

### THE NO-SUIT ADHESION CLAUSE IS INVALID UNDER CARMACK AND SHOULD NOT BE ENFORCED

On the one hand OWL and Yang Ming allege that they cannot be sued as road carriers under Carmack. On the other hand they rely on boilerplate bill of lading clauses to argue that plaintiff cannot sue the actual trucker. Equally illogical is movants' contention that an ocean carriage statute (COGSA) should apply to a road incident in Illinois while the Carmack Amendment, which governs road carriage, should not.

---

[7] Movants' reliance on *Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*, No. CV 06-3016, 2006 WL 3411535 (C.D. Cal. Nov. 13, 2006)(appeal filed Dec. 12, 2006), is misplaced. The decision is not binding precedent for this Court. *See IBM Credit Corp. v. United Home for Aged Hebrews,* 848 F.Supp. 495, 497 (S.D.N.Y.1994); *U.S. v. Santos*, No. 91 cr 0724 (CSH), 1996 WL 617329 * 2 (S.D.N.Y. Oct. 25, 1996)("District Courts are free to disagree with one another"). The Second Circuit's *Sompo* decision, which is not mentioned in the California decision, is binding precedent.

8

The Carmack Amendment allows a shipper to recover for damage or loss from either the delivering carrier or the carrier issuing the bill of lading or receipt. *See Sompo*, 456 F. 3d at 59. The boilerplate no-suit clause is invalid under Carmack because "the receiving carrier and the delivering carrier stand in the same position of responsibility to the shipper." *See United States v. Mississippi Valley Barge Line*, 285 F. 2d 381, 389 (8th Cir. 1960)(barge line liable as receiving carrier"); *Beautifax, Inc. v. Puerto Rico Marine Management*, 611 F. Supp. 537 (D. Md. 1985) ("[Carmack]…allows a shipper to maintain a cause of action against the initial carrier (the carrier issuing the bill of lading) or the delivering carrier (the carrier delivering the goods to the final destination) for damage to goods in the course of an interstate shipment on a through bill of lading.") Having issued a through bill of lading, Yang Ming (like OWL) is a receiving and delivering carrier. Djuric is a delivering carrier. Plaintiff has a statutory right under Carmack to recover against OWL, Yang Ming, and Djuric which precludes application of the no-suit adhesion clause.

**Conclusion**

Summary judgment may not be granted unless the submissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R. Civ.P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Defendants have failed to sustain the burden of proving that they are entitled to limitation of liability as a mater of law. The Court is respectfully requested to issue an

9

order denying the limitation motions and declaring that limitation of liability is precluded in this action for the reasons set forth herein. Similarly the venue challenge motion should be denied. In the alternative, if the England jurisdiction clause is enforced, it should be conditioned on Yang Ming and Djuric agreeing to submit to jurisdiction in England and to waive any statute of limitations defense in the foreign forum. *See Federal Insurance Co. v. M/V BONN EXPRESS*, 01 Civ. 8908 (LAK), 2002 WL 1203831 (SDNY June 3, 2002); *Acciai Speciale Terni USA, Inc., 181 F. Supp. 2d* 458, 465 (D. Md. 2002). Finally, the motion to enforce the purported covenant not to sue should be denied. Plaintiff requests such other and further relief as warranted by equity and justice.

Dated:  New York, New York
              January 18, 2008

                              Law Offices
                              David L. Mazaroli

                                *s/David L. Mazaroli*
                              By_____
                                   David L. Mazaroli (DM-3929)
                              Attorney for Plaintiff
                              11 Park Place – Suite 1214
                              New York, NY 10007-2801
                              Tel.:  (212)267-8480
                              Fax: (212)732-7352