David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC | : ECF CASE |
| | : 07-CV-2889 (AKH) |
| Plaintiff, | : |
| - against - | : **PLAINTIFF'S RESPONSE TO DEFENDANT OCEAN WORLD LINE'S LOCAL CIVIL RULE 56.1 STATEMENT** |
| OCEAN WORLD LINES, INC. | : |
| Defendants. | : |

---------------------------------------------------------------x

| | |
|---|---|
| OCEAN WORLD LINES, INC. | : |
| Third-Party Plaintiff, | : |
| -against- | : |
| YANG MING MARINE TRANSPORT CORP. And DURIC TRUCKING, INC. | : |
| Third-Party Defendants. | |

---------------------------------------------------------------x

Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, and for purposes of its opposition to defendant Ocean World Lines, Inc.'s ("OWL") motion for partial summary judgment, plaintiff responds as follows in corresponding numerical order to the Rule 56.1(a) Statement of Material Facts submitted by Defendant:

    1.    Undisputed.

2.   Undisputed.

3.   Disputed in part. In this case OWL contracted to provide "intermodal" through carriage services, i.e. to carry the cargo in multiple modes of transportation, including ocean carriage and land carriage. As to the ocean carriage OWL functioned as a non-vessel operating common carrier ("NVOCC"). As to the land transport OWL assumed the duties of a rail and road carrier. (Maz. Aff. Exs. 8-9)

4.   Undisputed. However this is not a material fact for the pending motion.

5.   Disputed in part. In addition to ocean transport by VOCCs, OWL provides a variety of services including intermodal service and "truck/rail". (Maz. Aff. Ex. 6-9)

6.   Disputed in part. *Id.*

7.   Undisputed. *Id.*

8.   Undisputed.

9.   Disputed in part. It is undisputed that Exhibit B of the Baer declaration is a copy of the OWL bill of lading. It is also undisputed that OWL contracted to transport the cargo from Bremerhaven to final delivery in Bourbon, Indiana, i.e. by ocean vessel from Bremerhaven to Norfolk and by land transport (rail and truck) to Bourbon. (Maz. Aff. Exs. 6-9)

10.  Undisputed.

11.  It is undisputed that the description on the first page of the lading includes the reference to "7 packages" with a gross weight of 19,500 kgs.

      However, the attachment page of the lading contains a detailed description of the cargo.

12.    It is undisputed that the description of the cargo on the first and second page of the bill of lading is based in part on information provided by or on behalf of the shipper.

13.    Disputed. The quote as stated does not include the language that this clause primarily relates to pre- or post-ocean carriage custody of "the Carrier or its subcontractor **at the sea terminal** in the United States of America…." (Baer Decl. Exs. B & C)

14.    Undisputed as to text. Disputed as to relevance.

15.    Undisputed, with the qualification that the last line should be corrected to read "**B**ill of Lading."

16.    Undisputed as to the text. Disputed as to relevance.

17.    Undisputed that a value declaration is not stated in the bill of lading.

18.    Disputed, controverted, and denied. This statement is objected to as primarily legal argument which is beyond the scope of Local Civil Rule 56.1. It is undisputed that, as to ocean transport, OWL is an FMC-licensed NVOCC. It is also undisputed that OWL functioned as a common carrier. However, said carriage included ocean, rail and road transport as well as other duties and obligations. (Maz. Aff. Ex. 8-9) As discussed in plaintiff's memorandum of law, plaintiff disputes OWL's contention that it did not function as a land carrier or freight forwarder. Plaintiff maintains that OWL's as an intermodal (or multimodal) carrier provided Carmack

3

Amendment rail carriage, motor carriage, freight forwarding and other services as contemplated by the Carmack Amendment. (Maz. Aff. 6-9)

Dated:   New York, New York
         January 18, 2008

                          LAW OFFICES,
                          DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.:  7XHD-1477