UNITED STATES DISTRICT COURT                    ECF

SOUTHERN DISTRICT OF NEW YORK                   07 CV 2889 (AKH)

---

ROYAL & SUN ALLIANCE INSURANCE, PLC,

Plaintiff,

-vs-

OCEAN WORLD LINES,

Defendant & Third Party Plaintiff,

vs.

YANGMING MARINE TRANSPORT CORP. and DJURIC TRUCKING, INC.,

Third Party Defendants.

THIRD PARTY DEFENDANTS' ATTORNEY'S REPLY DECLARATION OF PAUL M. KEANE  IN SUPPORT OF THEIR MOTION TO:

1.  DISMISS THE CLAIMS AGAINST THEM ON GROUNDS OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION CLAUSE, OR

2.  DISMISS THE CLAIMS AGAINST DJURIC ON GROUNDS OF A COVENANT NOT TO SUE, OR

3.  LIMIT THEIR LIABILITY, IF ANY, TO $500 PER PACKAGE

---

PAUL M. KEANE declares that the following statement is true under the penalty of perjury:

1.      I am an attorney-at-law admitted to practice before this Court and I am a member of the law firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for the third party defendants in the above captioned matter.  I am fully familiar with the facts and circumstances of this matter and, except as otherwise indicated, I make this reply declaration on personal knowledge in support of the third party defendants' prefixed motion to dismiss or limit liability.

2.      Attached to this declaration as EXHIBIT MM is a true and complete copy of page 10878 taken from Document No. 723 of THE MARITIME LAW ASSOCIATION OF THE UNITED STATES – Spring Meeting – May 3, 1996.

2

Dated:          New York, NY, January 30, 2007


                                          /s/ _____PAUL M. KEANE_____
                                                        Paul M. Keane

# EXHIBIT MM

[10854]

DOCUMENT NO. 723
May 3, 1996

THE MARITIME LAW ASSOCIATION
OF THE UNITED STATES

## SPRING MEETING—MAY 3, 1996

PRESENT:
CHESTER D. HOOPER
JAMES F. MOSELEY
HOWARD M. MCCORMACK
WILLIAM R. DORSEY, III
MARSHALL P. KEATING
LIZABETH L. BURRELL
GEORGE W. HEALY, III

and the following 372 members:

| | |
|---|---|
| Julia M. Adams | F. Joseph Bersch, III |
| Robert L. Adams | Frank E. Billings |
| John T. Adrian | Richard C. Binzley |
| Andrew W. Anderson | George William Birkhead |
| Wallace Appelson | Robert W. Blanck |
| Ferdnando S. Aran | S. Scott Bluestein |
| Grover E. Asmus, II | William Russell Boeringer |
| Frank A. Atcheson | Patrick J. Bonner |
| William J. Augello | Allan G. Bowdery |
| Peter H. Bach | Lawrence J. Bowles |
| Pedro F. Bajo, Jr. | John E. Bradley |
| Jeffrey R. Bale | Lawrence D. Bradley, Jr. |
| Sanford E. Balick | Lawrence B. Brennan |
| Francis J. Barry, Jr. | James Brockmeyer |
| James W. Bartlett, III | Julia R. Brouhard |
| John R. Bass, II | Charles D. Brown |
| R. Glenn Bauer | James E. Brown, Jr. |
| George D. Benjamin | William C. Bullard |
| Helen M. Benzie | Dr. Lucienne Carasso Bulow |
| Philip A. Berns | Frederick F. Burgess, Jr. |

[10862]

## PROCEEDINGS

MR. HOOPER: Why don't we call the meeting to order. We'll start now with the Secretary's report.

MR. DORSEY: Good morning. A couple of preliminary points, the usual ones, sign-up cards are outside. You're not going to be counted unless you sign the card.

Extra copies of the MLA Report, which has been mailed to you, are on the table in the back of the room.

And particularly important this morning, if you address the group, please give your name or card to the court reporter and announce your name at the start of the remarks you want to you make. We're going to have a lot of telling points during argument this morning, and I'd hate to have them attributed to "anonymous."

The proceedings of the Association which took place in October of last year in Hawaii, Document Number 720, have been mailed to all the members.

If there are no modifications or objections to those proceedings, Mr. President, I move their adoption and approval.

MR. HOOPER: Is there a second?

ANONYMOUS: I second it.

MR. HOOPER: All in favor?

VARIOUS: Aye.

MR. HOOPER: Opposed?

Motion carried.

MR. DORSEY: I have two items.

First one, the meeting of the Board of Directors that took place on March 23rd at the University of California in Berkeley.

At that meeting, the minutes of the Board meetings of October 16th and 20 were approved. Your Secretary reported at that meeting that in accordance with By-Law 504 he had received, in a timely fashion, the report of the Committee on the Carriage of Goods. However, the resolution that was to accompany that report was received one day late, and the explanation of the changes to the committee's original proposal that was mailed to the membership last April was received three days late. He indicated that receipt of these documents would not delay mailing to the membership, and that under By-Law 504, submission dates for these documents could be extended by action of the Board.

[10878]

This provision would effectively allow liner conferences to destroy this compromise for 60 percent of the cargo that is currently moving in international trade to and from the United States.

Although the report says undeniably that some shippers can negotiate on an even level with carriers, I think that's less true in instances where you are dealing with conferences that control between 60 and 80 percent of the markets.

I think that you will find that service contracts, which vary in scope and volume from 100 containers a year to 20,000, that those that range from, say, 100 containers a year to 10,000 will be forced into untenable bargaining positions in which they will be asked to bargain up from zero or limited liability on up. I think you will find that that might very well be the case.

Apart from that, I would support the provision. Thank you.

MR. HOOPER: Thank you.

Does anyone want to speak now in favor of the proposal? Jon.

MR. ROETHKE: Good morning, I'm Jon Roethke. I've been a Sea-Lander for more than one-half the age of COGSA, since 1961. I am also a member of the Ad Hoc Study Group. I would like to say "thank you" to the other members of that group for sharing their thoughts and especially to George Chandler for his dedication and staying power and to Vince DeOrchis (the son of the father) for bringing this proposed bill before us today for a vote. And "thank you" Chet for your diplomacy and for keeping your E-Mails to a minimum.

COGSA 1996 accomplishes two significant things. First, it abolishes the error in navigation and management defense. By doing that it makes a carrier liable for what it does wrong with no practical exceptions. How can one argue with that? Liability without fault—no; but no liability with fault—let's get with it! Let me give you some practical reasons why this bill makes sense from this carrier's perspective. Sea-Land issues about 1.3 million bills of lading in a year. Of these, about 12,000 result in claims for loss or damage ranging from hundreds of dollars to millions of dollars each. As most of you know, we adhere to our bill of lading—we pay when we are liable and we don't pay (ever) when we are not. But here is the eye-opener for those of you who may be on the fence about this bill. Of the 12,000 claims we receive in a year, we defend about 30. Of those, only one or two go to trial worldwide and not one in 35 years has involved the error in navigation of a ship we operated. We have never lost or damaged cargo as a result of an error in navigation of a ship we operated. Time-chartered vessels—yes. Operated vessels—never. So much for this defense.

The second significant thing this bill would do is to bring the existing limitation up to the Hague-Visby limits, which is what about 70% of our trading partners have done by statute anyway, and which Sea-Land did eight years ago